No. 382

SAWYERWOOD TRANS. CO. v. FUHRMAN

Ohio Appeals, 9th Dist., Summit Co.

No. 1066.  Decided Feb. 25, 1926

753.  MEASURE OF DAMAGES—Incorrect instruction as to, ground for reversal.

355.  DAMAGES—Where prospective dam-

ages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury.

PARDEE, P. J.

Robert Fuhrman, a minor about eight years of age, recovered a judgment in the Summit Common Pleas against the Sawyerwood Transportation Co. for damages resulting from an automobile accident. A bus of the Company it was alleged, was parked for repairs, along the side of the road without tail lights. The car in which Fuhrman was riding with his father ran into said bus with the result that the minor was injured.

The Company averred that the injury was proximately caused by the negligent operation of the machine by the minor and his father. Upon prosecution of error the Company complained of the charge of the court in regard to the measure of damages. The Court of Appeals held:

1. Fuhrman, in his petition, did not specifically ask for any compensation for the loss of earning power during his minority or until he might be emancipated or thereafter.

2. Where a father, as next friend of such a minor asks for compensation for loss of services during minority, he is estopped from thereafter recovering for the same in a separate action of his own. 13 C. C. (N.S.) 536.

3. The court in this case included in the charge the minor's reduced earning power as an element of damages without excluding the period covered by the minority of said minor or until his emancipation.

4. "The charge - - - - should definitely exclude the period covered by his minority, unless the evidence shows the minor to have been emancipated."

5. The jury was justified in finding the Company liable to Fuhrman; and this being so, it was important to have the measure of damages stated to the jury.

6. The trial judge in his charge did not limit recovery of the prospective damages to those damages which the evidence showed to be reasonably certain to result to said minor from the injuries, set forth in the petition and proved at the trial. This is necessary under 65 OS. 403.

7. The measure of damages not being correctly given by the court and the company being entitled to its defense of contributory negligence, the judgment is reversed.

Judgment reversed.

Attorneys—Musser, Kimber &Huffman and D. W. Baker for Company; Mather, Nesbitt & Willkie for Fuhrman, etc., all of Akron.